No. 28,608.

Loring D. Hammond et al., *Appellants*, v. The City of Ottawa, *Appellee*.

(275 Pac. 141.)

Opinion filed March 9, 1929.

*F. M. Harris,* of Ottawa, for the appellants.

*J. L. Shelden* and *W. S. Jenks,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to enjoin the city from levying special assessments against lots in additions to the city, to pay for improvement of a street. Plaintiffs were defeated, and appeal.

The lots lie in blocks 19 and 30 of Bowles, Sheldon & Topping's addition, and in block 3 of Sheldon's addition. Lot owners protested against the improvement. Plats of the additions recorded in the office of the register of deeds show dimensions of the lots and blocks. A private survey of block 30 disclosed larger dimensions than the plat shows. Block 19 is the same size as block 30, and a recent surveyor's measurement disclosed larger dimensions for block 3 than the plat shows. If the plats control, the protest was signed by owners of less than half the property affected. If the survey and measurement control, the protest was sufficient. The court found no notice of the survey had been served on the city, and there was nothing to indicate the city had any notice of the survey other than what might be afforded by the copy of the surveyor's report filed in the office of the register of deeds. The court stated the following conclusion of law:

"I conclude as a matter of law that the city, in the absence of actual notice, does not need to look further than the plats on file in the office of the register

of deeds, to ascertain the area of property to be affected by proposed improvements."

The statute reads as follows:

"Whenever the governing body of any city shall deem it necessary to . . . improve any street, . . . said governing body shall by resolution declare such work or improvement necessary to be done, . . . and if the resident owners of more than one-half of the property liable for taxation therefor shall not . . . file with the clerk of said city their protest against such improvement, the governing body shall have·power to cause such . . . improvement to be made. . . . The sufficiency of said protest . . . as to the ownership of the property shall be determined by the record in the office of the register of deeds at the time of the adoption of said resolution." (R. S. 12-602.)

Plats of city additions must accurately and particularly set forth and describe streets, alleys, and public ground, and describe all lots intended for sale by number and precise length and width. Such plats must be acknowledged as conveyances of land are acknowledged. They are not only filed in the office of the register of deeds, but are recorded there, and they operate as conveyances of streets, alleys, and tracts intended for public use. (R. S. 12-401, 12-402, 12-403, 12-406.) Surveys are recorded in the surveyor's record of permanent surveys, and certified copies are merely filed with the register of deeds. (R. S. 19-1426.)

When a protest against a street improvement is presented, the governing body of the city must determine sufficiency of the protest. Sufficiency of the protest depends on residence, ownership and area. The record will always show ownership at the time of adoption of resolution to improve, which is the decisive time. No matter how many owners in fact there may be holding unrecorded deeds, they are not qualified to protest. The recorded plat will also show area of ownership, and this court is of the opinion the city authorities need not look beyond the record.

A private survey binds nobody but the parties to it. Jurisdiction of the city is not affected. Whether jurisdiction might be affected by some method of making the city a party to a private survey need not be considered, because in this instance the city was not notified, and had no notice other than such as might be afforded by subsequent filing of the survey. So far as the city was concerned, the survey which was filed merely disclosed measurements of the surveyor who made it. When the survey was offered in evidence at the trial, it was not conclusive evidence. (R. S. 19-1414.) Manifestly, it was not conclusive when the city undertook to improve the

street. If a city were obliged to canvass private surveys, it might encounter discrepancies when undertaking to improve a street, and might be obliged to make a survey of its own to determine area. The statute undertook to provide a definite standard by which sufficiency of a protest may be readily determined. Both the city and the protesting property owners are governed by the standard, and the court holds that determination "by the record" applies to ownership of property of sufficient area to determine effectiveness of the protest.

There is a contention that the city is estopped by the fact that before it undertook to improve the street in controversy it made some other street improvements, presumably in accordance with the survey. As indicated, the city was not a party to the survey, and there is no evidence or finding that the protestants failed to obtain signatures of more property owners, relying on the city's recognition of the survey, if it did recognize the survey.

The judgment of the district court is affirmed.